UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOEL LEVIN,  )
 )
        Plaintiff / Appellant,  )
 ) Case No. 09 C 0509
v.  )
 ) Judge Joan B.
CARLOS M. GRECO,  )
 )
        Defendant / Appellee.  )

**MEMORANDUM OPINION AND ORDER**

Debtor and appellee Carlos M. Greco filed for Chapter 7 bankruptcy in February, 2008. Plaintiff and appellant Joel Levin is one of Greco's creditors. Levin filed an adversary proceeding objecting to discharge of his debt, arguing that it is excepted from discharge under 11 U.S.C. § 523(a)(5), the domestic support exception. The bankruptcy court denied Levin's claim, *Levin v. Greco (In re Greco)*, 397 B.R. 102 (Bankr. N.D. Ill. 2008), and Levin now appeals.

Greco was previously party to a divorce proceeding in Illinois state court, and during that proceeding Levin was appointed to serve as a "child representative" for Greco's children. A child representative is an attorney appointed to advocate for the best interests of the child after reviewing the facts and circumstances of the child's situation. 750 Ill. Comp. Stat. 5/506(a)(3). A child representative plays a more active role than a guardian ad litem under Illinois law; a guardian ad litem prepares a report and will possibly be called as a witness regarding what is in the best interest of the child. § 506(a)(2). The child representative is not a direct source of evidence, but rather is an advocate: the representative "shall have the same authority and obligation to participate in the litigation as does an attorney for a party"; "shall possess all the powers of investigation as does a guardian ad litem"; must "have received training in child advocacy or shall possess such experience

as determined to be equivalent to such training by the chief judge of the circuit where the child representative has been appointed"; shall maintain confidentiality to the extent permitted by law; and "shall offer evidence-based legal arguments." § 506(a)(3). The child representative also helps to facilitate settlement. *Id.*

The divorce action settled, and Greco agreed to pay Levin $8,927.25 for Levin's services, which was incorporated into the settlement agreement and court order. Greco's spouse was ordered to pay a separate amount to Levin. When Greco filed for bankruptcy, he owed Levin $8,365. Levin commenced the underlying adversary proceeding, and moved for default judgment after Greco failed to respond. The bankruptcy court denied Levin's motion, finding that Levin was not eligible for the domestic support exception to discharge. Levin appealed. Greco has not responded to Levin's appellate brief.

A district court reviews bankruptcy decisions under Rule 8013 of the Federal Rules of Bankruptcy Procedure; questions of fact are reviewed under a clearly erroneous standard, while questions of law and mixed questions of law and fact are reviewed *de novo*. Fed. R. Bankr. P. 8013; *Mungo v. Taylor*, 355 F.3d 969, 974 (7th Cir. 2004). The question on appeal turns on a strictly legal issue: whether a child representative in Illinois state court proceedings qualifies for the domestic support exception to discharge under the Bankruptcy Act.

"The principal purpose of the Bankruptcy Code is to grant a 'fresh start' to the honest but unfortunate debtor." *Marrama v. Citizens Bank of Mass.*, 549 U.S. 365, 367 (2007) (quotations and citations omitted). Exceptions to discharge are generally construed strictly against a creditor and liberally in favor of the debtor. *Goldberg Secs., Inc. v. Scarlata (In re Scarlata)*, 979 F.2d 521, 524 (7th Cir. 1992). However, section 523(a)(5) excepts debts related to domestic support obligations, and provides an exception to the rule favoring debtors:

2

> Bankruptcy law has . . . a longstanding . . . policy of protecting a debtor's spouse and children when the debtor's support is required. . . . This policy is manifest in the Bankruptcy Code's § 523(a)(5); this section declares nondischargeable a marital obligation that was incurred by the debtor for alimony, maintenance or support of the debtor's spouse, former spouse or child. This exception therefore expresses Congress' determination to protect former spouses in matters of alimony, maintenance, and support despite the Bankruptcy Code's general policy of providing a debtor with a fresh start. Because of this Congressional determination, a § 523(a)(5) exception from discharge is construed more liberally than other § 523 exceptions.

*In re Crosswhite*, 148 F.3d 879, 881–82 (7th Cir. 1998) (citations omitted). Section 523(a)(5) provides that a debt "for a domestic support obligation" is not dischargable. The term domestic support obligation is separately defined as a debt that is:

> (A) owed to or recoverable by—
> (i) a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or
> (ii) a governmental unit;
>
> (B) in the nature of alimony, maintenance, or support (including assistance provided by a governmental unit) of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;
>
> (C) established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of—
> (i) a separation agreement, divorce decree, or property settlement agreement;
> (ii) an order of a court of record; or
> (iii) a determination made in accordance with applicable nonbankruptcy law by a governmental unit; and
>
> (D) not assigned to a nongovernmental entity, unless that obligation is assigned voluntarily by the spouse, former spouse, child of the debtor, or such child's parent, legal guardian, or responsible relative for the purpose of collecting the debt.

11 U.S.C. § 101(14A). The bankruptcy court found that the requirements of subsections (B), (C), and (D) were satisfied, but that subsection (A) was not. *Greco*, 397 B.R. at 107. Subsection (A) requires that the debt be owed to or recoverable by (1) a spouse, (2) a former spouse, (3) a child of

3

the debtor, (4) a child's parent, legal guardian, or responsible relative, or (4) a governmental unit. § 101(14A)(A). Levin does not suggest that he satisfies the technical requirements of subsection (A), but argues that an exception should be recognized for child representatives. Levin contends that this is consistent with the generally broader reading of the section 523(a)(5) exception, for the role of the child representative is pivotal in assuring that the child's interests are protected, and that treating such debts as a form of domestic support is necessary to encourage attorneys to serve as child representatives in divorce proceedings.[1]

The Seventh Circuit has not addressed whether a child representative can qualify for the domestic support exception, though it has endorsed the notion that section 523(a)(5) can except debts owed to third parties. *See In re Rios*, 901 F.2d 71, 72 (7th Cir. 1990) ("And awards of attorneys' fees for services in obtaining support orders have been held nondischargeable even though the attorney is neither a spouse, a former spouse, nor a child of the debtor.").[2] From this court's own research, six circuits have interpreted the domestic support exception to preclude discharge of debts owed to third parties when the bounty of the debt is related to maintenance or support obligations. *See Pauley v. Spong (In re Spong)*, 661 F.2d 6 (2d Cir. 1981) (excepting attorneys' fees of debtor's spouse); *Falk & Siemer, LLP v. Maddigan (In re Maddigan)*, 312 F.3d 589, 594 (2d Cir. 2002); *Dvorak v. Carlson (In re Dvorak)*, 986 F.2d 940 (5th Cir. 1993) (both attorneys' fees of debtor's spouse and fees of guardian ad litem); *Holliday v. Kline (In re Kline)*, 65

---

[1] The record is silent regarding whether Levin was appointed on the state court's own motion or at the request of one or both of the parties. Regardless, the state court at least implicitly endorsed the importance of having a child representative by (1) appointing Levin, and (2) ordering that Levin's fees be paid by the parents. *See* 750 Ill. Comp. Stat. 5/506(a) (permitting discretionary appointment either *sua sponte* or after a motion from the parties).

[2] *Rios* involved a debt owed by the debtor to his own attorney, and is therefore not directly relevant. 901 F.2d at 72.

4

F.3d 749 (8th Cir. 1995) (attorneys' fees of debtor's spouse); *Miller v. Gentry (In re Miller)*, 55 F.3d 1487 (10th Cir. 1995) (fees of guardian ad litem); *Ting v. Chang (In re Chang)*, 163 F.3d 1138 (9th Cir. 1998) (both attorneys' fees of spouse and fees of guardian ad litem). The precise rationale for why the explicit payee requirement should not control has varied. Some courts have assumed that if the debt is not paid by the debtor, the creditor could collect from the spouse, and thus a payment to the creditor is indirectly a payment to the spouse. *See Spong,* 661 F.2d at 10 (using third-party beneficiary analysis); *Kline*, 65 F.3d at 751 (using *quantum meruit* analysis). Other decisions have stated that "the emphasis [should be] placed on the determination of whether a debt is in the nature of support, rather than on the identity of the payee." *Miller*, 55 F.3d at 1490; *Chang*, 163 F.3d at 1141 ("that the identity of the payee is less important than the nature of the debt."); *Dvorak*, 986 F.2d at 941.

The decision in *Miller* is instructive. That court reasoned that "Since determination of child custody is essential to the child's proper 'support,' attorney fees incurred and awarded in child custody litigation should likewise be considered as obligations for 'support,' at least in the absence of clear indication of special circumstances to the contrary." *Id.* at 1490 (citations omitted). "[D]ebts to a guardian ad litem, who is specifically charged with representing the child's best interests, and a psychologist hired to evaluate the family in child custody proceedings, can be said to relate just as directly to the support of the child as attorney's fees incurred by the parents in a custody proceeding." *Id.* The Tenth Circuit concluded: "[T]o hold a debt dischargeable simply because the money was payable to someone other than the spouse [or child], would be to put form over substance, in contravention of established bankruptcy law." *Id.*

Though the Seventh Circuit has not addressed this issue, it has expressed support, in *dicta*, for the Second Circuit's holding in *Spong*. *Rios*, 901 F.2d at 72 ("We agree with the [*Spong*] court's

5

reasoning. The cases which deny discharge for attorneys' fees incurred to obtain child support assimilate the debt owed the attorney to a debt owed 'to a spouse, former spouse, or child of the debtor.'"). Though the *Spong* analysis does not directly reach this case, it was the precursor to all of the aforementioned cases. This court adopts the uniform circuit court authority regarding the scope of the domestic support exception. Although none of the cases involved a child representative under Illinois law, there is no meaningful distinction for purposes of the Bankruptcy Code's domestic support exception between a child representative and a guardian ad litem. Furthermore, the divorce court's order provided that Levin's fees were to be paid by both parents, albeit for separate sums certain, and there are no indications of "special circumstances to the contrary" suggesting that Greco's obligation to Levin is not, implicitly, an obligation for support of his children. *Miller*, 55 F.3d 1490.

Accordingly, the decision of the Bankruptcy Court is reversed. The matter is remanded for further proceedings consistent with this opinion.

ENTER:

/s/
JOAN B. GOTTSCHALL
United States District Judge

DATED: September 16, 2009